ROANE, Judge.
The act of 1748, c. 5, § 6, [c. 8, 5 Larg. as as 1792, c. 76, § 21, [c. 128, § 83, 2?. C. p. 509, ed. 1819,] is the same in substance with the English statute of the 4 & 5 Ann. ch. 16, ought to have a liberal construction; and Courts of Law and Equity ought to exercise their own authority to extend the spirit and reason of it.
By that act it was meant, that in case of penalties, by way of security, the final justice of the case should be attained in Courts of Law. That is to say, that Courts of Law should, with respect to the object of that act, stand in the place of Courts of Equity. This construction is adopted by the Court of King’s Bench, upon the English statute, in the case of Bonafous v. Ryhot, 3 Burr. 1370; and I accord entirely with that opinion, in respect to the interpretation of our own act of Assembly. *
Previous to the statute, there is not a shadow of doubt, but that a Court of Equity would have relieved against a penalty, by decreeing that less than the principal and nominal interest was a satisfaction of the penalty, if, from principles operating upon such Court, the whole nominal interest should not be considered as demandable. In such a case, the whole of the nominal interest could not, in the language of the act of Assembly, be considered as due; but only such parts thereof, as, according to the principles of equity, ought to be paid. This doctrine of applying equity to a Court of Law, by virtue of the act of Assembly, is an answer to Mr. Washington’s argument, that the principal and interest, being commuted for the penalty, the latter is to remain in full force until the principal and whole interest, calculable on the sum mentioned in the bond, shall be paid. But a party coming into Court under' the provisions of this act, must, by the case which he makes, shew the Court that the whole nominal interest is not justly due, or the Court is not authorised to make him any abatement. In the present case, although admitting the assignment to have been bona fide, of which the contrary *192 does not appear, the debt due by the bond in question was not a debt due to Mr. Bland at the time of issuing the process of York Court against the appellee; and, although the appellee had notice of the assignment before the bond became due, yet it doth not appear from the case stated in the bill of exceptions, either that he had reason to doubt of the validity of such assignment, or that he took any yearly measures, if any such were in his opinion necessary, to procure the judgment of a Court, in order to ascertain who was his true creditor, or to exonerate himself from the restraint imposed on him by the process of York Court. In-, •deed, it was justly argued, that laches on his part in this respect is prima facie inferrable from the lateness of the period when he was discharged, as to this debt, by the judgment of the Court. Without, therefore, undertaking to say, whether any circumstances which may, in fact, exist in favor of the present appellee, shall demand of the Court to adjudge that some part of the nominal interest is not due, I consider that the bill of exceptions has not stated such circumstances as would warrant such an opinion, but that it is, as to those circumstances, a mere naked case.
This view of the subject precludes the necessity of my giving any opinion with regard to the rectitude of the judgment of the District Court; as it respects a dismission of the cause, without the finding of a jury; as to which, whatever my present impressions may be, I have formed no deliberate opinion. But, if a dismission upon the merits was illegal, supposing the Court to have had jurisdiction to decide in a summary way; it follows a fortiori, that the judgment is illegal, when the Court has so decided without the intervention of a jury, if the objection to the jurisdiction is well founded.
It would give me satisfaction, and promote the real justice of the case, as it respects the interest in question, if a reversal of the opinion of the Court, for the reasons above assigned, should not preclude the appellee from bringing forward in future, before the same Court, circumstances, if any such exist in his favour, to justify the abatement of the interest: And, my impression at present is, that it
will not. Upon the whole, for the reasons already assigned, I think the judgment of the District Court must be reversed.
CARRINGTON, 'Judge.
Concurred, that the judgment should be reversed, and the cause sent back for further proceedings.
*193 PENDLETON, President.
The counsel for the plaintiff objects, that as the plaintiff insists more money is due than the defendant admits, and brings into Court, the judgment of discharge ought not to be entered; but, an issue, if one be not before joined, ought to be made up and tried by a jury to determine what is really due at the time, agreeable to the practice in pleas of tenders out of Court, and the ancient principle of equity, when, before the statute, that Court was resorted to, for relief against the penalty.
This general position, (modestly mentioned indeed, from respect to a former decision of this Court,) “ that Courts and juries, under this and a former part of the clause, are restrained from enquiring, whether interest in the whole or in part, be due or not; that the judgment for the penalty can only be discharged by the payment of the whole interest; and, therefore, that the discharge of the Court cannot be entered, but upon the terms of the defendants bringing in full interest,” he will, surely, on further consideration, acknowledge to be incorrect; for, suppose the whole or part of the interest be actually paid, must the defendant, in either case, pay it over again to procure his discharge ?
The word due in the act, applies to interest as well as principal, and authorises an enquiry, what is really due of one, as well as of the other. But, how that enquiry is to be made in such a case as the present, is a question of considerable difficulty, not however necessary to be decided in this cause, for reasons which will appear hereafter.
Our present impressions.are, that the act though general and pretty strong, contemplated the payment of the whole claimed by the plaintiff: and, did not mean to give a power to the Court in that hasty manner upon motion, to decide a contest between the parties about the quantum of the demand, but that if not already in issue, it ought to be put so, and tried by a jury, as a general practice; though, we do not mean to be bound by this opinion, when a proper case shall bring it before us.
In the present case, the dispute was about a certain liquidated sum of interest, depending on facts connected with a record of the County Court of York, and its legal effects. So, that had a jury been impannelled, it would have been the duty of the Court, by direction to the jury, or on a special verdict, to have decided what were those legal effects. And, for this or other reasons, perhaps, to *194 avoid delay, the plaintiff probably chose to have a decision of the Court at once. Bat the exception does not state that he did submit it to the Court; neither does it state that he applied for an issue to be made up, and tried by a jury, as he should have done, to support the present objection. On the contrary, the exception seems to be to the judgment on the merits;'and, passing over this, we come to that question.
Cases are supposed, which never happened, but might, with propriety, be put and reasoned upon by way of illustration. Facts, too, are supposed, on both sides, which 'may be true, though not stated; and, if so, they are important on the question of interest, which cannot be justly decided on the statement made in the bill of exceptions. The record of Fork Court, may probably supply the de-' fects. And, therefore; the Court reverses the judgment, and remands the cause to the District Court for further proceedings to be had therein, from the payment into Court, and the motion for discharge.
The entry of the judgment is as follows:
e{ The Court is of opinion, that the facts in the bill of exceptions are too imperfectly stated,* to enable the Court to decide the question of interest, between the parties, upon just principles; and, therefore, that there is error in the District Court’s having proceeded to judgment upon such state. Therefore, it is considered that the said judgment he reversed, &c., and that the cause be remanded to the said District Court for further proceedings to be had therein, from the payment of the money into Court, and the motion of the appellee to be discharged.”†

[* Waller v. Long, 6 Munf. 71. M’Call, v. Turner, ante, 146.]

[* Beattie v, Tabb’s admr. 2 Munf. 254; Hairston v. Cole, 1 Rand. 461.]

[†Tazewell, having died, the suit was revived against his ex’r. who pleaded payment by his testator, on which issue was joined. The jury found a special verdict, stating that interest had not been paid from the 25th Dec. 1786, to the 19th Mar. 1793, but that the residue of the bond had been paid; that the process to stay the effects of Bland in the hands of Tazewell, was issued on the 19th, and executed on the 24th May, 1786 ; that the bilí was filed Sept. 1786; that in Jan. 1787, Tazewell had no* tice that the bond was assigned to Walker & Co. on 10th May9 1786; that an order was made by York Court, in May91787, making Barrett & Co. parties, and restraining Taze° •well from paying away the debt due from him to Bland; that Barrett 8? Co. filed their answer in 1789. claiming said debt as due to them by assignment, (as stated in original case;} and, in Aug. 1789, it was withdrawn, and the suit, as to them, dismissed 5 that in Mar. 1787, an attachment issued to compel Tazewell to answer the bill j that in Sept. 1792, he filed his answer; and, on the 19th Mar. 1793, the said restraining order, as to him, was set aside. On these facts, the Court were' of opinion, that Barrett & Co. were entitled to the interest from Dec. 25, 1786, to Mar. 19, 3793. Tazewell’s ex’r v. Barrett & Co. 4 H. & M. 259, and see Wilson v. Davisson, 5. Munf. 178.]