Tucker. Judge.
The appellant’s counsel insisted, that it was the province of the jury to decide upon the interest, and that the court had no right to instruct them concerning it. But the act of assembly is a law to both ; and M’Call v. Turner, 1 Call, 133, settles the principle on which the jury may deduct it, to wit, that the plaintiff was absent from the country, and had no agent here to whom payment could be made. Nothing of that sort, however, appears in the present case; and, if there was any other ground upon which the deduction should have been made, the defendant ought to have shewn it. Besides, the bill of exceptions states the case imperfectly, and therefore this court ought not to decide upon it. Barrett v. Tazewell, 1 Call, 215. I think, therefore, that the district court was right in directing the instruction to be given ; but as the county court had disregarded the former instruction, the cause ought not to have been sent back to them; but should have been retained for trial in the district court. I am consequently of opinion, that the judgment of the district court ought to be affirmed, with a direction to retain the cause for trial before themselves.
Carrington, Judge, and Lvons, President, concurred, and the following judgment was entered :
“The court is of opinion, that there is-no error in the judgment of the district court; which is therefore affirmed with costs : And it appearing that the county court refused to instruct the jury on the trial, that not more than eight years interest ought to be deducted from the debt sued for, according to the opinion and judgment of the district court, upon the former appeal to that court, as stated in the pro *18 ceedings in this cause, it is ordered, that the cause be retained by the district court for a new trial to be had there, instead of the county court; and that the order for sending the cause back to the county court be set aside by the district court, and an order made for a new trial to he had in the said district court.”