Tuesday, May 5. The Judges' pronounced their opinions.
Judge Tucker,
This was an action of indebitatus assumpsit for goods, wares, merchandize, and cattle of the? estate of the plaintiff’s testator, sold and delivered the defendant. Plea non assumpsit and issue. Upon the trial the plaintiff tendered abill of exceptions, which states, “ that, “ on the trial of the cause, the counsel for the plaintiff moved “ the Court to instruct the Jury, that the inventory and ap^ “ praisement of Barbara Cards estate produced in evidence y by the plaintiff, (but not set forth, or otherwise identified “ by the bill of exceptions,) is prima facie evidence against ‘‘ the defendant, that the property mentioned in it, had been “ left by Barbara Carr, deceased: but the Court overruled u the motion, and instructed the Jury that the inventory and £‘ appraisement were no evidence, in this cause, against the * “ defendant, that the goods inventoried belonged to the said Barbara, Carr.” In the record there is an inventory and appraisement certified as a copy by the clerk of Louisa Court, which purports to have been made agreeably to an order of that Court, and appears to have been signed by three persons, the appraisers, we may suppose, bat not by ¡¡he executor, nor does it appear that it had been submitted *365 to the Court, and ordered to be recorded. Nor does it appear from any thing in the record, how this identical paper was made a part of it, unless the description in the bill of exceptions be sufficient for that purpose.
At common law no written evidence is considered as forming a part of the record, unless mentioned in the pleadings, with a proferí in Curia, or made a part of' the record by praying oijer thereof, and setting it forth, in hcec verba, or specially found in a special'verdict, or set forth, in-hcec verba, by a bill of exceptions, or demurrer to evidence. In the latter cases it is usual, in order to save time, only to insert a few of the initial words by way of identifying them, and, then the clerk copies them at length, either in the body of the verdict or bill of exceptions, or certifies them asthe papers referred to by the initial words. In the present instance, that cautionary step has been altogether omitted. And it seem.s to me that.it would be a dangerous precedent for this Court to consider any paper not properly identified by a special verdict, or a bill of exceptions, as constituting a part of the record, (a) That an inventory and appraisement of the estate of a deceased person, all due solemnities having been observed, is admissible evidence in all suits by, or against executors and administrators hath been declared by the Legislature.(b) And I am of opinion that, when admissible, it is, prima facie, evidence to prove that the articles therein contained came to the hands of the executor asthe property of his testator, and were reasonably worth the sum to which they were respectively appraised: which evidence, however, is not conclusive, either for, or against the executor. • Whether the inventory and appraisement mentioned in the bill of exceptions was an original paperand whether it was an inventory of a part only, or of the iwhole of Barbara Carr’s estate, might have been shewn, if there had been due attention paid in the bill of exceptions. It would seem from, the strict ytords of it, that it. was an original paper; and it is *366 contended by the counsel for the appellant, that this Court willintend that all due solemnities had been complied with: and, therefore, that no notice ought to be taken of the paper in the record, which is only a copy; nor can the Court infer from the inspection of that copy, that the paper exhibited was liable to any of the objections, for the want of due solemnities being observed to which that copy may be liable. The counsel on the other side insist that that copy is sufficiently identified, by the bill of exceptions, for the Court to pass judgment upon the matter contained in tjie bill of exceptions. Were I satisfied of that, I should feel n'p hesitation in deciding that the inventory and appraisement, which is to be found among the papers filed in the cause, not being- signed by the executor, nor appearing to have been submitted to the Court, and by it admitted to record was not admissible evidence upon the trial of this cause.(a) My opinion is that the paper mentioned in the bill of exceptions not being identified, and properly spread upon the record, so as to enable this Court to decide upon it, without a doubt, whether due solemnities had been observed, or not, upon the principle established in the case of Barrett & Co. v. Tazewell,(b) we ought to reverse the judgment, and remand the cause to the District Court for a new trial to be had therein; the case upon the bill of exceptions being too imperfectly stated for this Court to determine the question between the parties upon just princh pies.
Judge Roane.
Thei-e is no doubt but that the inventory and appraisement contained in the record is the document referred to in the bill of exceptions. The terms, “ the inventory and appraisement,”' are conclusive to shew that only one inventory and appraisement was exhibited on the trial. If the bill of exceptions had referred to the document as “ hereto annexed.,” or “ in hmc verbafi (without - actually setting it out at large,) it is supposed, that no objection to the identity of the paper would be taken; and yet a *367 reference of this sort submits as much to the fidelity of the clerk, and is as much subject to the objection of uncertainty as is the document in the present case. So, if the clerk had introduced this exhibit by saying it was the inventory and appraisement “ produced in evidence by the plaintiff,” (using the words of the bill of exceptions,) it is presumed the objection would not lie: but it would seem that his saying that this was the inventory and appraisement “ filed in the “ foregoing suit,” when the Court had admitted (by signing the exceptions) that only one was produced in evidence, is substantially the same thing. In truth, unless evtery document is to be set out at large in the bill of exceptions, (which cannot be conveniently done in the hurry of a trial, or, in the language of the books, “ while the thing is trans-w acting,”) it must be left to the clerk to complete the bill, of exceptions by transcribing the documents referred to: the present case excludes the possibility of the clerk’s mistaking the document referred to, because it is admitted that only one inventory and appraisement was produced in evidence ; and therefore I think, that words of reference in the bill of, exceptions in this case are not absolutely necessary.
Whatever may be the effect of an inventory and appraisement when legally executed, our act is positive, that, when the appraisement is adopted as an inventory, it must be signed by the executor, A signature in such case is essential to constitute the appraisement an inventory; and this is probably also the case of a separate inventory,(a) although our act (as well as the English acts) is silent respecting it. In both cases, the signature of the executor would seem to be indispensable, as perfecting the instrument. On the ground, then, of the want of signature in this case, I think the opinion of the District Court stands justified, and that the judgment ought to be affirmed,
Judge Fleming.
Two questions were made in the argument of this cause, which seem to arise out of the re *368 cord: 1st. Whether the paper, purporting to he the inventory and appraisement of Barbara Carr’s estate, and offered by the plaintiff’s counsel at the trial, as evidence, and rejected by the Court, is the identical paper now produced with the record ? and if so, 2dly. Whether the Court erred in refusing to suffer the said papér to go as evidence to the Jury?
With respect to the first point, it appears, that the paper was produced, and offered as evidence at the trial, by the counsel for the plaintiff, and, on its being rejected, he filed his exception to the opinion of the Court, from which he prayed and obtained an appeal to this Court, and brought up the record, and the paper in question along with it, with a certificate of the clerk, that “ the following are co- “ pies of the papers filed in the foregoing suit,” and then immediately follow the will of Barbara Carr, a certificate of its probate, and the paper in question, purporting to be an inventory and appraisement of her estate.
It is not to be presumed, then, that the counsel, in order to satisfy this Court, that the District Court erred in rejecting the paper, would have produced here, a different one from that rejected by the Court below: and if the clerk, through mistake, had certified, and sent up, a wrong paper^ there is no doubt but the counsel would have moved for,' and obtained, a certiorari, that the true rejected paper might have been brought up ; and his not having done so was a tacit acknowledgment that it was the proper document ; which he, indeed, in the latter part of his argument, admitted, in his reply to Mr. Randolph.
As to the second point, I think we need not travel out of our own act of Assembly to decide on that. In the 38th section of the act concerning wills, and the distribution of intestate’s estates,(a) it is enacted, that appraisers nominated by the Court granting a • probate, or administration, being sworn before a justice of peace, shall, truly and justly, to the best of their judgment, view and appraise all the personal estate to them produced, and shall return such ap *369 praisement under their .hands to the Court ordering the same; which appraisement, if signed by the executor or administrator, may be considered as an inventory of such part of the estate as had heretofore come to his hands. It follows, then, I conceive, that, if such appraisement be not signed by the executor or administrator, it may riot be considered as an inventory of any part of such estate.
. By the 39th section of the same act, inventories and appraisements may be given in evidence, in any suit by or against the executor or administrator, but shall not be conclusive for or against him, if other testimony be given, that the estate was really worth, or was bona fide sold, for more or less than the appraisement. This qualified admission of inventories and appraisements to be given in evidence, seems to go, rather, to the value, or worth of the estate, than to ascertain the identity of the articles; and* taking the two clauses of the act together, it seems to me, that the paper now under consideration could not be considered as an inventory of any part of Barbara Carr's estate, for want of the signature of the executor; and therefore was not admissible as evidence at the trial, for any purpose whatever.
The judgments affirmed in both spits.
A question arose as to the costs. The appellant having declared on an assumpsit to himself for transactions subsequent to the death of his testatrix* and having failed in his action, it was suggested, that the judgment for costs should be entered against him absolutely, and, in the first instance* in conformity with what seemed to have been the decision of the Court, in Thornton, executor of Champ, v. Jett, as reported in 1 Wash. 138, 139. But upon looking into the entry in that case, it was discovered, that the judgment for costs was against the executor, “ to be levied of the goods “ and chattels of the testator, in his hands to. be adminis- *370 £{ tered, if so much thereof he hath; but if riot, then to lé “ levied of his own proper goods and chattels.”
The entry, in this case, conformed to the above precedent; and-the costs were “ to be levied of the goods and “ chattels of the said Barbara Carr, [the testatrix,] in the “ hands of the appellant to be administered, if so much “ thereof he hath; but if not, then of his own proper goods u and chattels«”

 Vide Mandeville & Jameson v. Perry, M. S.

 Rev. Code, vol. 1. c. 92. sect 38, 39.

 1 Esp. Dig. 260. Bull. Ni. Pri. 140.

 1 Call, 215.

 See Butler, 140.

 Rev. Code, vol. 1. p. 165.