JUDGE CARR,
delivered the opinion of the Court.*
This is an action of debt, brought by the plaintiff as assignee, on a promissory note. Upon the plea of nil debet, the plaintiff had a verdict for the amount of the note, &c. On the trial, the defendant filed two bills of exception to opinions of the Court; and on these, the cause comes up.
The first contains a statement of the evidence, consisting of the note and endorsement, (the execution of each admitted;! the power of attorney to Anderson; proof, that the Merchants’ Bank was an unchartered institution, and that the note was discounted there, for the accommodation of the defendant, and endorsed for that purpose; the deposition of Colin Auld, and the deed of assignment from the directors to certain trustees. The exception then concludes thus; “and this was all the evidence in the cause. Whereupon, the defendant moved the Court to instruct the jury, that if they believed this testimony, the action could not be supported, and they should find for the defendant.” The Court refused to give this instruction; and we are to enquire, whether correctly or not?
With respect to the abstract legal principles which govern this question, there can be little difference of opinion. To the Court, belongs the law; to the jury, the facts. This is a fundamental maxim. Frequently, the cases submitted to the jury being complicated of law and fact, their verdict involves a decision on both. Yet this is not of necessity. *Tbe jury may find a special verdict, or reserve some question of law for the decision of the Court. If not, the parties may, by a demurrer to the evidence, bring the whole law of the case before the Court; or, may move to exclude inadmissible evidence; or, for instructions to the jury as to any point of law, arising out of the facts in the case.. But here, the Court, while exercising its unquestioned privilege of declaring the law, must be very careful not to overstep the line which separates law from fact. Any assumption of a fact, as proved; any opinion as to the weight, effect or sufficiency of the evidence submitted to the jury; will be an invasion of their province. Any application tending to elicit such opinion, should be over-ruled. So, if the. counsel in the question submitted to the Court, involve fact with law, and demand the opinion of the Court on both; the motion may, without error, be over-ruled. For, though the Court might, with propriety, separate the law from the fact, stating the. legal principles and leaving the fact to the jury; there is no obligation on them to make the discrimination, and consequently, no error in refusing to answer the question propounded. I refer to the case of Smith v. Carrington, 4 Cranch, 71, in support of this last proposition. To ascertain the correctness of those which precede It, a brief review of some of the cases decided by this Court, may not be improper. 1. Of those which make it the duty of the Court to instruct as to the law arising out of the facts. In Pickett v. Morris, 2 Wash. 255, the counsel moved the Court to instruct the jury on the law arising from the facts; or by other means,, to reserve the facts for their future decision. They refused or neglected to do either; which this Court determined to be error. In Austin v. Richardson, 3 Call, 201, the Court instructed the jury, that the deed of bargain and sale was sufficient in law, to satisfy the averments in the declaration. This Court approved of this instruction, saying “it was not like the case of Keel & Herbert v. Roberts, where there was an express ’'’declaration to the jury, upon the whole evidence; for, in the present case, it was a construction of papers, and the opinion confined to a single point, without any attempt to prescribe the verdict, which the jury were to find.” In Bootright v. Meggs, 4 Munf. 145, the Court instructed the jury as to the law, arising upon a hypothetical statement of facts, in one instance; and in another, as to the law arising on an admitted fact; and this Court approved of those instructions. In Maddox v. Jackson, 4 Munf. 462, an action for a malicious prosecution, the Court instructed the jury, that the warrant for arresting the plaintiff, the endorsement thereon of a magistrate committing him for trial, and a recognizance of the same date, for his appearance, furnished sufficient evidence of probable cause to induce the prosecution; and this instruction was approved by this Court, upon the ground that it was confined to the papers, and did not exclude any evidence which the plaintiff might offer, to disprove the probable cause, inferrible from the proceedings before the magistrate; an inference, founded, on the legal presumption, that magistrates and Courts are without malice towards the accused, which presumption was considered by the Court, equivalent to a rule of law. In Wills v. Washington, 6 Munf. 592, the defendant moved the Court to instruct the jury, that 20 years having intervened between the period when the note became due, and the institution of the suit, they ought to presume it paid, unless evidence was offered of some acknowledgment or some payment of- principal or interest, within that time; the Court below refused the instruction, and this Court reversed the judgment for that error. These cases sufficiently shew, that within their proper limits, it is the right of the parties to demand, and the imperative duty of the Court to give instructions to the jury.
Equally numerous and strong are the cases, to evince the jealous care, with which this Court watches over and protects, the legitimate powers of the jury. In Ross v. Gill, *1 Wash. 87, it is said, “If the Court admit improper evidence, an exception may be taken; but if the question depend on the weight of testimony, the jury, and not the Court, are exclusively and uncontrolably the judges.” In Thweat & Hinton v. Finch, 1 Wash. 217, the same language is held. In Keel & Roberts v. Herbert, 1 Wash. 203, the Court below instructed the jury, that the plaintiff’s evidence was good and sufficient in law, to maintain the issue on his part. *493 This Court say, “The District Court most certainly did wrong, in directing the jury that the evidence was sufficient to maintain the issue. This was a question which belonged exclusively to the jury, and ought to have been left with them, without any such declaration or direction, unless the Court, (by a demurrer to the evidence having been filed,) had been compelled to decide upon it.” The same doctrines are held in Wroe v. Washington, 1 Wash. 257; Martin, &c. v. Stover, 2 Call, 514; Fisher’s ex’r. v. Duncan, 1 Hen. & Munf. 563; Crabtree v. Horton, 4 Munf. 59; Fowler v. Lee, 4 Munf. 373; Whitacre v. M'Ilhany, 4 Munf. 310; Bogle, &c. v. Sullivant, 1 Call, 561. Having thus ascertained the correctness of the principles first stated, let us examine their bearing upon the case before us.
The mass of evidence, submitted to the Court by the bill of exceptions, was voluminous; consisting both of written and parol evidence, and involving several distinct questions. As 1. Was the transaction between Young & Auld, a transfer and assignment of the note, or a payment? 2. Were the persons executing the deed of trust, directors; and had they power to convey? 3. If they had power, does the deed authorise the trustees to transfer the notes of debtors, so as to vest the legal title in the assignee? 4. If the trustees were authorised to transfer, had Colin Auld (a single trustee,) such authority? 5. Was the defendant Brooke a stockholder or partner in the banking association, during the time that the Bank was in possession of his note? This analysis of the evidence will shew *at once, the impropriety of the course pursued. The first, second, fourth and fifth, of these questions, are merely questions of fact, depending on the weight and effect of the evidence, and belonging wholly to the jury. The third, is a question proper for the Court, depending on the legal effect of the deed. But, they were all blended and confounded with each other, in the instruction asked of the Court; and therefore, the motion was properly over-ruled. There is the soundest reason for requiring, that a party who asks the instruction of the Court, should specify the point of law on which he wishes it. It brings distinctly before the Court and the opposite party, the very objection insisted on; and there can be no mistake, omission or surprise. But, if it were permitted to a party, to ask instructions generally as to the law arising out of a great mass of evidence, and it were the duty of the Court thereupon, to ascertain all the points of law which might arise; to separate them from the facts and decide them; it would have a strong tendency to entrap both the Court and the opposite party. Tn the hurry and confusion of a jury trial, the Court might well overlook one or more of the points of law, arising out of the facts; an over-sight, which might involve a reversal of its judgment. The other party too, if the precise objection were pointed out, might have it in his power immediately to obviate it by further evidence; but, not seeing at once the points which lie buried in the mass of testimony, the opportunity of advancing these additional proofs is lost to him. Upon this reasoning, 1 presume it is, that Courts will not take upon them the office of separating the law from the facts; but require of the party who asks their instruction, to put to them a precise question of law, as arising out of the facts. Nor can this be considered a hardship on him. If he wishes to bring the whole evidence before the Court, for their opinion, he may either procure a special verdict or demur to the evidence. But, a bill of exceptions can never be converted into a demurrer to evidence. Wroe *v. Washington, 1 Wash. 361; and other cases in this Court. 1 conclude, that the Court committed no error in refusing the instructions asked in the first bill of exceptions.
W e come now to the second bill of exceptions. It is in these words: “On the trial of this cause, the defendant, having exhibited the deed between P. Saunders and others, and Colin Auld and others, referred to in the former bill of exceptions, “this indenture,” &c. offered to the jury certain bank notes of the Merchants’ Bank of Alexandria, to the amount of the whole of the plaintiff’s claim, as a set-off in the present action. Whereupon, the counsel for the plaintiff moved the Court ,to instruct the jury, that these notes were not a legal set-off, unless the defendant should satisfy the jury, that he had acquired them before he received notice of the assignment to the plaintiff, of the note on which this suit was brought; which instruction the Court accordingly gave, and thereto the defendant excepted,” &c. Upon this bill, the first question which presents itself, is; whether the statement of facts is not too imperfect, to enable this Court to form an opinion. From the defendant’s setting out, in the exception, the deed executed by the directors to the trustees, it is clear, that he claimed the right of off-setting the notes of the bank, under the terms of that deed; and, we should have no difficuty in deciding that he had a right to the set-off, if it appeared that the plaintiff claimed to hold the note on which he sued, under the bank, and through the same deed. This would sufficiently appear, if we might resort to the evidence contained in the first bill of exceptions; and this, it seemed to me, we might do, in this particular case, as the bill stated it to be all the evidence in the cause. But, the other Judges have thought it safest to confine our view to the exception immediately before us; because, we ought to act by general rules; because, although the evidence stated in the first bill might be all, when it was sealed, there might be other important facts *brought forward afterwards; and because, by thus supplying the defects of one exception from another, we may shut out evidence material for the other party, not noticed in either bill. In this opinion of my brethren, I cheerfully acquiesce. Confining ourselves to the second bill, it does not appear whether the plaintiff claimed under the deed or not. Yet this decisive fact must have appeared one way or the- *494 other, on the trial, and is necessary to enable us to decide.
The exception, therefore, is too imperfect; and, following the authority of Barrett v. Tazewell, 1 Call, 215; Beattie v. Tabb’s adm’r. 2 Munf. 254; Fowler v. Lee, 4 Munf. 373, and other cases, the judgment of the Court below must, on that ground, be reversed, the verdict set aside, and the cause remanded for a new trial.

Judges Brooke and Coalter, absent.